UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSHALL PULLIAM, PARSHOO BADLU, and SEAN ROBINSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANS EXPRESS, INC.; NATIONAL EXPRESS LLC; and NATIONAL EXPRESS TRANSIT CORPORATION, <br><br> Defendants. | Civil Action No. 1:19-cv-4038 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys, The Law Office of Christopher Q. Davis, PLLC, allege, upon personal knowledge and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1. This action is an FLSA collective action brought by Plaintiffs Marshall Pulliam, Parshoo Bardlu, and Sean Robinson (together, "Named Plaintiffs") on their own behalf and on behalf of those individuals who opted-in to the FLSA Collective by filing an Opt-in Form with this Court (the "Opt-in Plaintiffs", together with the Named Plaintiffs the "FLSA Collective"). The FLSA Collective is comprised of individuals who were or are employed with Trans Express, Inc. ("Trans Express"), National Express LLC, and National Express Transit Corporation., ("National Express," together with Trans Express, "Defendants") as non-exempt hourly intrastate bus drivers and/or dispatchers and were denied overtime premium compensation for hours worked in excess of forty hours per week.

2. Plaintiffs seek relief pursuant to the applicable provisions of the NYLL and/or FLSA to remedy the Defendants' failure to pay all wages due, in addition to injunctive relief.

**PARTIES**

3. Plaintiff Marshall Pulliam is presently employed by Defendants as a dispatcher. He formerly worked as a bus driver for Defendants. Pulliam began his employment with the Defendants eight years ago and presently resides in Brooklyn, New York. He is currently employed in Queens, New York.

4. Plaintiff Parshoo Bardlu is employed by Defendants as a bus driver. He has been employed by Defendants since 2017 He currently lives in Queens, New York.

5. Plaintiff Sean Robinson is employed by Defendants as a bus driver. He has been employed by Defendantssince 2017. He currently lives in Broolyn, New York.

6. National Express Transit ("NEXT") is the transit division of National Express LLC ("NELLC"). NELLC is the North American subsidiary of National Express Group PLC, an international transportation company and transit service provider.

7. NEXT And NELLC maintain corporate headquarters in Lisle, Illinois.

8. NEXT purchased Trans Express in 2019 and Trans Express is now wholly-owned by NEXT. Trans Express maintains headquarters in Brooklyn, New York.

9. NEXT's transit services include: (1) fixed-route public transit; (2) commuter and express transit service; (3) paratransit, ADA, dial-a-ride, and other demand responsive services; (4) shuttle services; (5) transit management; and (6) ecolane transit software.

10. Trans Express offers daily shuttles and bus charters to various locations in the New York area.

11. At all relevant times, Defendants have met the definition of Plaintiffs' "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL §190(3).

12. Upon information and belief, Defendants maintain control, oversight, and direction over their operations and employment practices, including commonly managed human resources, benefits, and labor functions.

13. At all times hereinafter mentioned, Defendants employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials have moved in or produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) &(s).

14. Defendants' gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

16. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 et seq.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

19. This Court has personal jurisdiction over Defendants because they reside in and routinely transact business in New York.

## WAGE AND HOUR FLSA COLLECTIVE
## AND INDIVIDUAL NYLL FACTUAL ALLEGATIONS

20. Upon information and belief, Defendants directly employed approximately 200-240 hourly or piece rate bus drivers and 20 hourly dispatchers.

21. Plaintiffs and the putative class of Drivers operated shuttles – daily and short distance - that took passengers to locations in New York City and New York State only, including to a casino in Queens and to the Brooklyn Barclays Center.

22. The vehicles driven by the Plaintiff bus drivers have a gross vehicle weight rating (GVWR) or gross combined vehicle weight rating (GCVWR) of 10,000 pounds or less and are designed or used to transport more than 8 passengers, including the driver, for compensation.

23. Bus drivers are responsible for bringing passengers back and forth from the bus depots to the passengers' destination. During one shift, a bus driver will make numerous trips back and forth from the depot to the destination. All Drivers earn either a flat fee, piece rate or straight time rate for each trip regardless of the numbers of hours worked.

24. Plaintiffs and the putative class of Drivers are not paid a lawful overtime premium time of one and one half.

25. Destinations include local casinos within New York City, the Barclays Center in Brooklyn, the Ikea store in Brooklyn, various Long Island Railroad stations, and PepsiCo Headquarters in White Plains, New York[1].

---

[1] The class definition applies to drivers with assigned intrastate routes in New York State only.

26. Drivers do not always have a break during these 10-hour shifts. When they do have a break during a shift, they must take it during the time that they are waiting for passengers to board the bus.

27. If Drivers are near the bus on their break and a customer comes to the bus, the driver must let them back on the bus. This company protocol interferes with Drivers' breaks.

28. Defendants also employs Dispatchers who coordinate the Drivers' bus routes. All Dispatchers are paid straight time for the hours they work. Dispatchers work at the bus depot. They "sign in" to the depot in the morning, sometimes on a sign in sheet and sometimes by calling into the main office to report their times, and are responsible for checking passengers in throughout the day, lining them up, and loading them on to the bus.

29. Dispatchers are also responsible for cleaning the inside of the bus depots.

**Defendants' Unlawful "Off the Clock" Practice of Forcing Plaintiffs to Perform Compensable Work Prior to The Start of Their Shifts**

30. Defendants have a practice of requiring drivers and dispatchers to work "off the clock" hours that they are not compensated for.

31. Drivers are told to arrive prior to the start of their shift, before they are paid, to perform "off the clock" work. Some employees routinely arrive as early as one hour before their shift starts. Others arrive fifteen minutes or half an hour before the start of a shift.

32. During this time, the employees are not allowed to clock in, but they are expected to perform work for the company which the Company uniformly treats as non-compensable.

33. For example, Drivers are responsible for "pre-tripping" the bus. This includes checking the tires, lug nuts, and ensuring that the bus is safe for passage.

34. Further, Defendants required Drivers to fill out a Department of Transportation form and state that they work a total of 9 hours, when their shifts are in fact comprised of 10 hours of driving time.

**<u>Defendants Have Knowledge of the Widespread "Off-The-Clock" Practices</u>**

35. Defendants' knowledge of the widespread nature of the off-the-clock violations alleged herein is well known among employees and management.

36. Plaintiffs have made several attempts to speak with management about the unlawful off-the-clock practices and unlawful overtime practices.

37. Plaintiff Marshall Pulliam spoke to a representative from Human Resources, Danny, on the phone approximately six months ago regarding the off-the-clock practices and unlawful overtime practices.

38. During Pulliam's conversation with Danny, Danny told Pulliam that he would speak to the company's Operating Manager, Jonathan, about the issues.

39. There was no resolution following Pulliam's conversation with Human Resources, and the unlawful off-the-clock practices and unlawful overtime practices continued.

40. Plaintiff Sean Robinson also attempted to remedy the unlawful pay issues by speaking to the Human Resources and Operations departments.

41. Robinson voiced his concerns with the head of Human Resources, Kathy, as well as with Jonathan.

42. Though Kathy and Jonathan initially assured Robinson that they would take care of his concerns, the policies did not change, and the unlawful off-the-clock practices and unlawful overtime practices continued.

43. Defendants also had a policy of taking employees off the schedule if they complained, reducing their incentives to voice concerns about the unlawful off-the-clock-practices and unlawful overtime pay.

**Defendants' Unlawful Failure to Pay Plaintiffs Overtime Premiums**

44. Defendants, pursuant to commonly enforced policies and practices, failed to lawfully compensate plaintiffs for overtime premiums for all hours worked in excess of 40 hours per week.

45. Plaintiffs' work schedules varies based on their job title and assigned routes.

46. Plaintiff Marshall Pulliam, for example, works 8-hour shifts, 5 days per week, except for Sundays, when he works 16-hour shifts.

47. For each of the weeks he has worked, he has worked over 50 hours without being paid a lawful overtime premium for hours worked over 40 hours in a week.

48. Specifically, Pulliam is paid at a rate of $15.00 per hour for all hours worked. Defendants do not pay Pulliam an overtime rate of pay for hours worked in excess of 40 hours per week.

49. When Pulliam works 16-hour shifts on Sundays, for example, he is paid his straight-time rate for all 16 hours of his shift. He is not paid an overtime rate for his overtime hours.

50. Plaintiff Parshoo Bardlu is also denied lawful overtime premiums. Bardlu works 10-hour night shifts that run from 5:00pm until 3:00am. For these shifts, he is paid a flat rate of $160 per shift. He is not paid an overtime rate for his overtime hours.

51. Bardlu works 6 days per week.

52. For each of the weeks she has worked, she has worked over 50 hours without being paid a lawful overtime premium for hours worked over 40 per week.

53. Plaintiff Sean Robinson is denied lawful overtime premiums as well.

54. Robinson works shifts that last nearly 11 hours, running from 5:00pm until 3:40am. He makes trips from the bus depot in Queens to the Brooklyn Barclays Center and back.

55. Robinson is paid a flat rate of $170 per shift. He is not paid an overtime rate for his hours worked in excess of 40 hours per week.

56. Robinson also works 6 days per week.

57. For each of the weeks he has worked, he has worked over 50 hours without being paid a lawful overtime premium for hours worked over 40 per week.

## FLSA COLLECTIVE ALLEGATIONS

58. Plaintiffs incorporate by reference all of the factual allegations made in the preceding paragraphs.

59. The FLSA Collective Class will including all non-exempt hourly intrastate bus drivers and dispatchers across the United States and were denied overtime premium compensation for hours worked in excess of forty hours per week during the three year statute of limtiations period for the reasons setforth herein.

60. Defendants employed the FLSA Collective during the three year statute of limitations period for violations of the FLSA.

61. Defendants classified the FLSA Collective as nonexempt for the purposes of the FLSA, paying them an hourly wage rather than an annual salary.

62. Defendants unlawfully required the FLSA Collective to work for hours that they were not on the clock for.

63. At all times during the statute of limitations period, Defendants have not paid the FLSA Collective lawful overtime premiums for all hours worked in excess of 40 hours in a work week and/or minimum wage compensation for hours worked under 40 in a work week.

64. The FLSA Collective has been damaged by Defendants' company-wide policy of failure to pay overtime compensation and forcing Plaintiffs to work "off the clock" and without compensation before the start of their shifts, which they knowingly suffered and permitted.

65. As such, the FLSA Collective suffered damages for unpaid earned overtime wages under the FLSA in each of the weeks they worked during the statute of limitations period.

66. Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.

67. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the FLSA Collective.

68. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs.

## NEW YORK LABOR LAW ALLEGATIONS

69. Plaintiffs incorporate by reference all of the factual allegations made in the preceding paragraphs.

70. The NYLL Class will including all non-exempt hourly intrastate bus drivers or dispatchers in New York State who were denied overtime premium compensation for hours worked in excess of forty hours per week during the six year statute of limtiations period for the

reasons setforth herein, and who were not provided a wage notice or accurate wage statements as required under ther NYLL for the same six year statute of limitations period.

71. Plaintiffs have been damaged by Defendants' company-wide policy of failure to pay overtime compensation and forcing Plaintiffs to work "off the clock" and without compensation before the start of their shifts, which they knowingly suffered and permitted.

72. Defendants have violated NYCRR 142-2.2 and NYLL §§ 191, 193 by failing to pay Plaintiffs at least one and one-half times the New York state minimum wage for all hours worked over 40 during the relevant statute of limitations periods pursuant to the same illegal practices and policies alleged above.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

73. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

74. At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees. At all relevant times, upon information and belief, Defendants have gross operating revenues in excess of $500,000.00.

75. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

76. During their employment with Defendants, within the applicable statute of limitations, the FLSA Collective members worked in excess of forty hours per workweek without lawful overtime compensation.

77. Despite the hours worked by members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

78. The FLSA Collective members were not paid FLSA mandated overtime premiums uniformly and based on the policies and practices articulated above.

79. Also, by failing to accurately record, report, and/or preserve records of hours worked by the FLSA Collective, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

80. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation to the FLSA Collective.

81. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

82. Because Defendants' violations of the FLSA were willful, a 3-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

83. The FLSA Collective seeks recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Failure to Pay Lawful Overtime Premiums in Violation of NYCRR § 142.2.2 and Article 19 of the NYLL)**

84. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

85. At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

86. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

87. Defendants have failed to pay Plaintiffs the overtime wages to which they were entitled under the New York Labor Law.

88. By Defendants' failure to pay Plaintiffs premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

89. Also, Defendants have violated NYCRR 142-2.2 and NYLL §§ 191 and 193 by failing to pay Plaintiffs at least one and one-half times the minimum wage for all hours worked over 40 in any workweek during the relevant statute of limitations periods.

90. Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Failure to Furnish Wage Notices and Accurate Wage Statements in Violation of NYLL §195)**

91. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

92. At all relevant times, Plaintiffs were employees and the Defendants have been employers within the meaning of the New York Labor Law.

93. The recording keeping provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

94. Defendants did not provide Plaintiffs with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

95. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

96. Defendants also failed to provide notice of compensation terms at the start of their employment as required by the NYLL.

97. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs;

B. That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs;

C. That Defendants' violations as described above are found to be willful;

D. An award to Plaintiffs for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

F. An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

G. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

DATED: July 12, 2019

_____

Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
225 Broadway Suite 1803
New York, New York 10007
646-430-7930 (main)
646-349-2504 (fax)

*Counsel for Plaintiffs*