**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARSHALL PULLIAM, PARSHOO BADLU, and SEAN ROBINSON, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

TRANS EXPRESS, INC.; NATIONAL EXPRESS LLC; and NATIONAL EXPRESS TRANSIT CORPORATION,

Defendants.

Civil Action No. 1:19-cv-4038

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES**

---

Named Plaintiffs Marshall Pulliam, Parshoo Badlu, and Sean Robinson (collectively, the "Named Plaintiffs") seek final approval of a settlement between Named Plaintiffs and Defendants Trans Express Inc, National Express- LLC, and National Express Transit Corporation (collectively "Defendants"). This settlement encompasses a Rule 23 Class (which, together with the Named Plaintiffs, is referred to herein as the "Plaintiffs").

This Court granted preliminary approval of the Settlement Agreement (the "Settlement," or "Settlement Agreement") and authorized notice to all class members on April 13, 2021. Having held a Final Fairness Hearing on August 31, 2021, and having considered this matter fully, this Court now grants final approval to the Settlement and finds as follows:

I.    **Background**

1.    This case alleges violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After mediation with an experienced mediator (Stephen Sonnenberg) and multiple settlement conferences, Plaintiffs and Defendants reached a classwide settlement agreement for $607,500.00.

2.      On April 13, 2021, the Court granted preliminary approval. *See* Dkt. No. 44. Notice was

properly given under the Class Action Fairness Act (28 U.S.C. §1715), but neither the Attorney

General nor any state attorney general has objected to this settlement.

3.      Notice was mailed to the Class consistent with the terms in the Settlement Agreement.  The

Settlement Administrator reports that this Notice reached over 95% of those class members (995

out of 1043). The Notice adequately advised Class Members that they could submit a written

exclusion request or object to the Settlement, and how to do so.  None of the Class Members timely

excluded themselves and none objected.

## II.    Final Settlement Approval

4.      Based upon a thorough review of the record, the Court grants final approval of the

Settlement Agreement made and entered into on January 8, 2021, by and between the Plaintiffs,

individually and on behalf of the Class, as defined below, and Defendants. The Court finds that

the terms of the proposed class action Settlement as set forth in the Parties' Settlement Agreement,

are fair, reasonable and adequate and comply after considering the factors set forth in Rule

23(e)(2) of the Federal Rules of Civil Procedure.

5.      For purposes of settlement only, there shall be one Class, defined as follows:

> All persons employed by Defendant Trans Express, Inc. in either a bus driver or
> dispatcher job in any workweek from July 12, 2013 through March 9, 2021 [30
> days from the signing of the Settlement Agreement].

All individuals encompassed within the above definition are eligible to participate in this

Settlement.

6.   The Parties agreed to settle this case for a Gross Settlement Fund of up to six hundred and

seven thousand and five hundred dollars ($607,500.00). Pursuant to the terms of the Settlement

Agreement, the "Net Settlement Fund" means the remainder of the Gross Settlement Fund after deductions for: (i) Court-approved attorneys' fees of $170,000 and costs not to exceed $25,000, as described in Section 14 of the Settlement Agreement; (ii) any payroll taxes owed by Defendants; and (iii) Court-approved Enhancement Awards to Named Plaintiffs as described in Section 3 of the Settlement Agreement. Class Members shall receive their portion of the Net Settlement Fund to be determined on a pro rata basis based on formula set forth in the Settlement Agreement.

7.      The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give proper deference to the private consensual decision of the parties but also act as a gatekeeper to protect the putative class. This Court has done both.

8.      The strength of Plaintiffs' case on the merits, weighed against Defendants' defenses support approval of the Settlement. There is a genuine issue of overtime exemption under 29 U.S.C. §213(b)(1) that puts any recovery for the Plaintiffs' at risk.  Further, the complexity, length, and expense of further litigation (including significant additional discovery, summary judgment briefing, trial and appeals) justify this Settlement as fair and reasonable.

9.      Here too, the proposed settlement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits. Plus, Plaintiffs' counsel avers without contradiction that this settlement will result in a class recovery in excess of 75% of the alleged overtime underpayments. That too confirms that this is a fair and reasonable settlement.

10.      The terms of the Settlement Agreement have no obvious deficiencies: i.e., the release is specific and not general; there are no confidentiality terms; or and the allocation of the settlement between Class and their counsel is not disproportionate. Further, this Settlement does not grant preferential treatment to any individual Class Members. These indicia of fairness are confirmed

by the fact that no Class Members objected to the Settlement or timely requested exclusion from

the Class.

### III.     Certification of Rule 23 Settlement Class

11.      For purposes of settlement only, the Court certifies the class pursuant to Federal Rule of

Civil Procedure ("FRCP") 23.  For the purposes of approving this settlement only, that conclusion

is supported by the following facts:

   a.  The Class of 1043 individuals here satisfies Rule 23(a) numerosity and is ascertainable.

   b.  The issue of whether class members are or aren't overtime exempt under 29 U.S.C.
       §213(b)(1) is sufficient to establish common questions of law and fact.

   c.  Named Plaintiffs' claims are typical of the claims of the Class Members. *See, e.g.,  Perez
       v. Isabella Geriatric Center, Inc.*, 2016 WL 5719802, at \*2 (S.D.N.Y. 2016) (finding that
       similar questions satisfied commonality in a Rule 23 wage action).

   d.  Named Plaintiffs are adequate representatives; there is zero evidence that they have
       interests that are antagonistic to or at odds with the Class Members.

   e.  Christopher Q. Davis, Esq., and Rachel M. Haskell, Esq. of The Law Office of Christopher
       Q. Davis, PLLC, are likewise adequate representatives as Class Counsel , having served
       previously as class counsel and as co-class counsel in other matters.

12.      This Court has federal question jurisdiction over the FLSA claim under 28 U.S.C.§1331

and , thus,  supplemental jurisdiction over the New York Labor Law claims under 28 U.S.C.§1367.

As a result, this Court approves the release of all wage and hour claims (both state, local, and

federal) in the manner defined in the Settlement Agreement:

> Release. This Settlement releases all claims of Plaintiffs and all Class Members who do
> not timely opt out: (a) for worked but unpaid time; (b) for unpaid or underpaid
> overtime; (c) for "spread of hours" pay; and (d) for any other claims concerning
> requirements for wage statement, wage notices, or payroll practices and procedures.
> Collectively, all such claims arising between July 12, 2013 and the date of final
> approval of this Settlement - whether under New York Labor Law, under other state or
> local law, or under the Fair Labor Standards Act ("FLSA") – will be defined as the
> "Covered Claims." Those Covered Claims are released against Trans Express Inc.,
> National Express LLC, and National Express Transit Corp. and all of their past and
> present parent companies, subsidiaries, affiliates, directors, officers, agents, attorneys,
> investors and employees, as well as against any benefit plans sponsored by any such
> entities. Collectively, all of those persons and entities will be defined as the "Released

Parties." For the [325] class members who are included on Exhibit A to the complaint in Secretary of Labor, United States Department of Labor v. Trans Express, Inc. (No. 1:19-cv-01423), this release encompasses all claims except their claims under the FLSA being pressed in that case.

## IV.    Attorney's Fees and Costs

13.    The Court awards Class Counsel a total of one hundred and seventy thousand one hundred dollars ($170,100), representing twenty-eight percent (28%) of the Gross Settlement Amount.  *See Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) (holding that "[t]he entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class" and thus fees should be allocated based on "total funds made available, whether claimed or not").

14.    That amount of fees is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." *McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010);

15.    Separately, the Court awards reimbursement to Class Counsel in an amount not to exceed twenty-five thousand dollars ($25,000), which includes thirteen thousand dollars ($13,000) for the Settlement Administrator RG/2, to be paid from the Gross Settlement Fund for costs and expenses incurred by Class Counsel in litigating this matter.

## V.    Miscellaneous

16.    Any amounts allocated to Class Members who do not cash their Settlement Checks within the 180 day check cashing period shall be placed in a *cy pres* account for the benefit of the non-profit organization Habitat for Humanity.

17.    The Court awards Enhancement Awards to be paid out of the Gross Settlement Fund as follows: fifteen thousand dollars ($15,000) to Mr. Pulliam, ten thousand dollars ($10,000) to Mr. Robinson, and ten thousand dollars ($10,000) to Mr. Badlu. These Enhancement Awards

are reasonable and are awarded in recognition of the services they each rendered on behalf of the Class and allocated in accordance with the level of involvement of each of the above referenced individuals.

## VI.    Conclusion

18.    This action shall be and hereby is dismissed on the merits with prejudice. All Class Members are hereby permanently barred from prosecuting against the Released Parties (as defined in the Settlement Agreement at Section 7) any and all Covered Claims as set forth in Section 7 of the Settlement Agreement with one exception: this dismissal does not encompass the FLSA claims currently being litigated by the United States Department of Labor for the 325 class members who are included on Exhibit A to the Complaint in *Secretary of Labor, United States Department of Labor v. Trans Express, Inc.* (No. 1:19-cv-01423).

19.    Though the Court retains jurisdiction over this action to effectuate the terms of the Settlement Agreement, including the binding effect of the releases set forth in the Settlement Agreement as to both the Named Plaintiffs and Class herein, the judgment is a Final Judgment in accordance with the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement and this Order.


**SO ORDERED**:


_____
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge